*Curry v. Comm'r of Social Security*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

JAMES BERNARD CURRY,

> *Plaintiff-Appellant,*

> > v.                                                    No. 20-1472

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          MARY ELLEN GILL, Law Offices of
                                  Kenneth R. Hiller, PLLC, Amherst, NY.

FOR DEFENDANT-APPELLEE:           JOHANNY SANTANA (Ellen E. Sovern, *on the brief*), Office of the General Counsel, Region II, Social Security Administration, *for* James P. Kennedy, Jr., United States

Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Foschio, *M.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 11, 2020, is **AFFIRMED**.

James Bernard Curry appeals from a judgment of the United States District Court for the Western District of New York (Foschio, *M.J.*), which affirmed a final decision by the Commissioner of Social Security. In a decision dated August 8, 2017, an Administrative Law Judge ("ALJ") acting on the Commissioner's behalf denied Curry's application for Supplemental Security Income ("SSI"). The ALJ found that Curry, who has a back condition, does not qualify as disabled under the Social Security Act (the "Act"). *See* 42 U.S.C. § 423(d). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, and refer to them only as necessary to explain our decision to affirm.

In deciding an appeal from a denial of disability benefits, we conduct a plenary review of the administrative record and ruling. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). We will not set aside the Commissioner's disability determination unless we find that it is based on either legal error or factual findings that are unsupported by substantial evidence. The "substantial evidence" standard "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).[1] "[I]t is . . . a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam). In particular, it requires our deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). On such review, we affirm the judgment of the District Court.

---

[1] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

In support of his SSI claim—and central to this appeal—Curry submitted a two-page Medical Source Statement (the "Statement") dated May 2, 2017. The Statement was prepared by Dr. David Cywinski, an orthopedist who provided medical treatment to Curry on a sporadic basis between October 2007 and the date of the Statement. As of May 2, 2017, Dr. Cywinski had last seen Curry over six months earlier. In the Statement, Dr. Cywinski opined that Curry could not engage in full-time competitive employment on a sustained basis. R. 521.[2] Dr. Cywinski further gave his view (through a checkbox form) that if Curry were to work on a full-time basis, he would be "'off-task' or otherwise less productive" for more than thirty percent of the workday or workweek. *Id.* In the form, Dr. Cywinski indicated that his general opinion was based on his specific recommendation that Curry engage in "no heavy carrying/lifting, no bending, stooping, [words illegible] sit to stand," and symptoms described as "pain" and "discomfort into R[ight] leg." *Id.* Dr. Cywinski reported that as of that writing, Curry could sit only for "about two hours" in an eight-hour working day (with normal breaks) and could "stand/walk" only for "about four hours" in total "since at least December 2014." *Id.* 522. He "referred [Curry for] spine surgery." *Id.* At the same time, he noted that Curry "should not be absent [from work] if restriction[s] were met." *Id.*

The ALJ considered Dr. Cywinski's opinion in his review of Curry's application for disability benefits for the period from December 2014 through August 2017 (the "relevant period"). In the ALJ's assessment of Curry's residual functional capacity ("RFC"), the ALJ assigned only partial weight to Dr. Cywinski's opinion and concluded that Curry has the RFC to perform certain "sedentary work . . . with additional exertional and postural limitations" as prescribed by Dr. Cywinski, and that "there are jobs that exist in significant numbers in the national economy that [Curry] can perform." Special App'x 11-12, 15. Thus, the ALJ found that during the relevant period Curry was not disabled under the Act.

---

[2] "R." refers to pages of the certified administrative record filed in the District Court.

3

On appeal, Curry argues primarily that the ALJ did not give Dr. Cywinski's opinion the weight it was due by law.[3] In reviewing such a challenge, we consider whether the ALJ properly applied the two-step framework articulated in *Burgess v. Astrue*, 537 F.3d 117, 127-29 (2d Cir. 2008). Under *Burgess*, the ALJ must (1) decide whether a treating physician's medical opinion merits "controlling weight" and, (2) if it does not, then "determine how much weight, if any, to give it" based on certain factors such as length of treatment and type of health care provider, as we discuss in detail below. *Estrella*, 925 F.3d at 95-96; *see Burgess*, 537 F.3d at 129. At both steps, an ALJ must provide "good reasons" for its decision. *Estrella*, 925 F.3d at 96.

Reviewing the ALJ's step one decision, we conclude that the ALJ did not err by declining to assign controlling weight to Dr. Cywinski's opinion. Under the "treating physician rule," Dr. Cywinski's opinion regarding the "nature and severity" of Curry's impairment is entitled to controlling weight only "so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Burgess*, 537 F.3d at 128; *see also* 20 C.F.R. § 416.927(c)(2); *see generally Biestek*, 139 S. Ct. at 1157 (instructing that "determining the substantiality of evidence" requires a "case-by-case" inquiry). In Curry's case, the ALJ explained that his decision to assign less than controlling weight to Dr. Cywinski's statement rested on substantial gaps in Curry's treatment by Dr. Cywinski over the relevant period; evidence that the pain caused by Curry's alleged impairment responded to treatment; Curry's own statements and record of independent activities; and treatment notes by Dr. Cywinski and others. Considered together, as the ALJ found, these observations undercut Dr. Cywinski's May 2017 summary statement. *See* 20 C.F.R. § 416.945(a). We therefore conclude that substantial

---

[3] Curry also argues that the ALJ committed reversible error by basing its RFC determination on its own lay opinion rather than on record medical evidence. We reject this argument. An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear. 20 C.F.R. § 404.1527(d)(2). The ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination. *See, e.g.*, 20 C.F.R. §§ 416.927(c)(3), 416.945(a); *see also id.* § 404.1545(a)(3) ("We will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations.").

evidence supports the ALJ's finding that Dr. Cywinski's opinion is not entitled to controlling weight.

Looking next at how much weight Dr. Cywinski's opinion merited, at step two of the *Burgess* analysis an "ALJ must consider, *inter alia*, the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence . . . , particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess*, 537 F.3d at 129; *see also* 20 C.F.R. § 404.1527(c). We identify no error in the ALJ's analysis of these factors and determination of the weight to afford to Dr. Cywinski's opinion.

Again, the ALJ provided good reasons for his decision to give Dr. Cywinski's opinion partial weight. In a satisfactory functional application of the *Burgess* factors, the ALJ considered the fact that Dr. Cywinski is an orthopedic specialist, which favored giving his view some weight. The ALJ also considered the length, nature, and extent of the treatment relationship between Curry and Dr. Cywinski: although Dr. Cywinski had begun seeing Curry in October 2007, the record as a whole revealed "large gaps in [Curry's] orthopedic treatment." Special App'x 15. Particularly, in the six months before Dr. Cywinski rendered the May 2017 opinion that became central here, Curry had not consulted with Dr. Cywinski at all, again undercutting the weight due that opinion. *Id.*

The ALJ also considered the amount and quality of evidence supporting Dr. Cywinski's May 2017 opinion and whether the opinion was consistent with the relevant record evidence. In affording reduced weight to the opinion, the ALJ cited various treatment records that undermined Dr. Cywinski's statement. *Id.* 14 (citing the administrative record). For example, the evidence that the ALJ identified as inconsistent shows that in October 2016, Dr. Cywinski considered Curry to be "doing well enough at this time to do nothing further" and that Curry himself then informed Dr. Cywinski that "he is at the point now where he wants nothing further done." R. 429. This evidence cannot easily be squared with Dr. Cywinski's May 2017 opinion that Curry's impairments had been consistently severe since "at least December 2014." *Id.* 522. In addition, the ALJ focused on the observation that the medical record

"reflect[ed] that overall, [Curry] had full muscle strength of his lower extremities and negative straight leg raising-tests," Special App'x 14, a finding that the ALJ reasonably found in tension with the May 2017 assessment. Accordingly, we are satisfied that the ALJ adequately supported his step-two conclusion.

Finally, we deny Curry's request for further development of the administrative record because he has failed to show that the record is not complete. *See Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999). Because we sustain the ALJ's determination that Curry was not disabled during the relevant period, we reject as moot Curry's request for a remand for calculation and payment of benefits.

\* \* \*

We have considered Curry's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6